## SCRINEGROUR v. THE STATE.

## LIBBY v. THE STATE.

1. PENALTY UNDER DIFFERENT STATUTES.—Where an act for the punishment of larceny provided that in cases of simple larceny, not exceeding $100 (without any minimum limitation), the punishment should be imprisonment in the county jail not more than two years, nor less than three months, or a fine not exceeding $300; and by another section, jurisdiction in cases of simple larceny is given to justices of the peace, where the alleged value of the property stolen does not exceed $20; in all which cases the punishment prescribed was by fine not exceeding $50, or by imprisonment in the county jail for the term of three months: *Held,* that in cases falling within the latter section, no greater punishment could be inflicted than was prescribed in such section, in whatever court the prosecution might take place.

2. SAME.—Where there are two statutes providing a punishment or penalty for the same act or offense, the one a greater and the other a lesser one, the section of the statute prescribing the major one is to be regarded as abrogated by the one prescribing the minor punishment or penalty.

(1 *Chand.* 48.)

ERROR to the Circuit Court for *Sheboygan* County.

An indictment was found against each of the plaintiffs in error, in the suits above entitled, for larceny under the fifteenth section of the act of the territorial statutes of Wisconsin, to provide for the punishment of offenses against private property. Ter. Stat. 350. Both defendants were convicted, and by the presiding judge (the chief justice) sen-

tenced, *Scrinegrour* to one, and *Libby* to two years imprison-
ment in the county jail of Sheboygan county.

Each of the defendants brought their writ of error to this
court upon the ground, that the sentence or punishment was
in derogation of the statute above referred to.

`    The presiding judge holding that in trials for these offenses,
he was invested with judicial powers under the provisions of
the fifteenth section of the act referred to, to inflict such punish-
ment as was authorized by that section, when the indictment
was found, and tried in his court; and regarding that he was
not to be governed by or restricted to the punishment which
was prescribed by the sixteenth section of the same act, when
the offense was prosecuted before a justice of the peace, whose
power of punishment was limited to a far less infliction than
that provided by the fifteenth section.

·   *Jas. Holliday*, for the defendants, argued that the two sec-
tions of the statute were inconsistent with each other; that
in a trial had in the circuit court, the presiding judge had no
power to sentence the accused to any greater punishment than
was provided by the sixteenth section; and that it was an
anomaly in legislation that a statute, conferring upon two
distinct tribunals jurisdiction to try an offender for the same
crime, the one tribunal having power to punish by a greater,
and the other being restricted to a much less infliction; that
in favor of liberty, and the humanity with which penal stat-
utes were to be construed, the lesser punishment provided by
the statute was the only one which either court could inflict.

*J. S. Brown, Attorney-General*, argued, that notwithstand-
ing the two sections of the statute provided different punish-
ments for the same offense, under the distinct tribunals, in
which jurisdiction was vested, yet that the two provisions
were not in conflict with each other, but that each court had
the power to inflict such punishment as by the statute was
vested in them respectively; and that by the statute, each
tribunal was invested with jurisdiction to punish, commen-

Vol. II.—8

surate with the extreme jurisdiction conferred. That it might not be wise or judicious, that the jurisdiction of the same matter in one court should be subject to a different rule of action from that prescribed for another court having a co-ordinate jurisdiction, though not the same rank in judicial importance. But, nevertheless, each tribunal was invested with judicial power to punish to the maximum of the statute, without regard to the functions with which another court was invested, should the trial happen before it.

STOW, C. J. These cases involving precisely the same question, and having been argued together, but one decision is necessary for both. The plaintiffs in error were severally convicted before me at the September Sheboygan circuit, on separate indictments, of simple larceny, in stealing property of less value than twenty dollars ; and were severally sentenced, *Scrinegrour* to one, and *Libby* to two years imprisonment in the county jail. They were, as appeared very clearly by the evidence, both cases of great aggravation ; and I felt it my duty to make a severe example, and accordingly imposed on one the highest punishment allowed by the fifteenth section of the act under which they were convicted, and on the other, who was already a states prison convict, one year's imprisonment. On a careful examination of the different provisions of the statute, the court is of opinion that these judgments are erroneous ; and in this opinion I concur. By the fifteenth section of the " Act for the punishment of offenses against private property " (Revised Statutes, 350), it is provided, that in cases of simple larceny, not exceeding one hundred dollars (without any minimum limitation), the punishment shall be imprisonment in the county jail not more than two years, nor less than three months ; or a fine not exceeding three hundred dollars : thus leaving a very wide range for the discretion of the court, to be exercised according to the circumstances of the particular case—the age, char-

acter, etc., of the offender. Were this all the provision on the subject, a doubt could not be raised.   But by the following sixteenth section of the same act, concurrent jurisdiction with the circuit court is given to justices of the peace in cases of simple larceny, when the alleged value of the property stolen does not exceed twenty dollars, "in all which cases, the punishment shall be by fine not exceeding fifty dollars, or by imprisonment in the county jail for the term of three months."   While it can hardly be supposed that the legislature, in giving a certain limited concurrent authority to a justice, intended thereby to take away the before expressly granted authority of a superior court of record, yet the statute may be so construed, and in favor of personal liberty, we so hold.   We think there is nothing in the argument, that by a different construction, a criminal might be subjected to different degrees of punishment for the same offense, as he might happen to be tried in different courts ; such cases are not uncommon.

The judgments are reversed, and the prisoners having been confined already more than three months, are to be discharged.